**UNITED STATES, Appellee,**

v.

**Specialist Four Roger SMITH, SSN 275–66–7664, United States Army, Appellant.**

**SPCM 17414.**

U. S. Army Court of Military Review.

29 Oct. 1982.

Colonel William G. Eckhardt, JAGC, Major Patrick F. Crow, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Thomas E. Booth, JAGC, were on the pleadings for appellee.

Before MILLER, KUCERA and BADAMI, Appellate Military Judges.

### OPINION OF THE COURT

KUCERA, Judge:

The appellant stands convicted by a special court-martial of a simple assault and an assault with intent to commit rape, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1976). For the first time he now complains that he was deprived of his right to a fair trial in that the military judge erred by improperly instructing the court members as to fresh complaint.

The evidence of record with respect to the assault with intent to commit rape indicates that in the early hours of 1 January 1982, the appellant entered the room of Private Boyles, the victim. According to her testimony, the appellant locked the door, grabbed her, pushed her on the bed and told her that he wanted some "pussy." The appellant on the other hand testified that he was drunk and walked into Boyles' room thinking it was his own. As Boyles proceeded to run towards him, he got scared and grabbed her wrists. They struggled, someone opened the door and took him downstairs. He denied grabbing Boyles with the intent to rape her and did not remember asking for "pussy."

After Lieutenant McQuistion, the Staff Duty Officer, was informed of the incident, she went to Boyles' room. Boyles was "upset," and "kind of shaking." She told McQuistion "that a man had come into her room and grabbed her."

The military judge, *inter alia*, instructed the court members that the information Boyles gave in her room to McQuistion was a "fresh complaint" which may be considered solely for the purpose of corroborating the testimony of Boyles in regard to her credibility concerning her version of the events which have taken place in the room. The trial defense counsel did not object.

Fresh complaint was formerly recognized under paragraph 142c, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)) as a hearsay exception and was afforded a specific instruction at paragraph 9–24, Department of Army Pamphlet 27–9, Military Judges' Benchbook (19 May 1969). The instruction has not been included in the current edition of the Department of Army Pamphlet 27–9, Military Judges' Benchbook, (May 1982), due to the recent adoption of the Military Rules of Evidence, which eliminates the hearsay exception for fresh complaint:

> [A]n express hearsay exception for fresh complaint has been deleted as being un-

necessary. Consequently, evidence of fresh complaint will be admissible under the Military Rule only to the extent that it is either not hearsay, *see e.g.,* Rule 801(d)(1)(B), or fits within an exception to the hearsay rule. *See e.g.,* subdivisions (1), (2), (3), (4), and (24) of Rule 803. Analysis of Military Rules of Evidence 412, 8 M.J. CLVII.

 That a "fresh complaint" instruction is no longer required does not establish that giving of the instruction is erroneous. Evidence of fresh complaint which is either nonhearsay or fits within another exception to the hearsay rule is relevant and admissible. Thus, as fresh complaint is still relevant, a military judge does not abuse his discretion by instructing the members thereon. *See generally* paragraphs 73*a* and *c,* MCM 1969 (Rev).[1]

The pertinent exception to the hearsay rule in the instant case is the "excited utterance" exception under Mil.R.Evid. 803(2).[2] In order to find that the rule applies, it must appear that the declarant's statement at the time was made under the stress of excitement rather than the product of reflection and deliberation.

 Boyles' declaration to Lieutenant McQuistion qualified as an excited utterance under Mil.R.Evid. 803(2). The statement was made only a short time after the incident occurred. Lieutenant McQuistion described Boyles' physical demeanor as "kind of shaking" and her emotional state as "upset." In our judgment Boyles' statement to Lieutenant McQuistion was admissible under Mil.R.Evid. 803(2). Therefore, the trial judge acted within his discretion in instructing the members thereon.

The findings of guilty and the sentence are affirmed.

Senior Judge MILLER and Judge BADAMI concur.

---

1. It should be noted that under the prior rule, evidence of fresh complaint was restricted to proof that the complaint was made; and, a description of the details of the offense given during the course of making the complaint was not admissible. If the complaint qualifies as an excited utterance under Mil.R.Evid. 803(2), a description of the details of the offense may be received in evidence. *See United States v. Iron Shell,* 633 F.2d 77 (8th Cir.1980); *Garcia v. Watkins,* 604 F.2d 1297 (10th Cir.1979); *see*

McCormick's Handbook of the Law of Evidence, § 297 (2d ed. 1972). Reference to "fresh complaint" should be avoided as confusing and unduly restrictive.

2. Mil.R.Evid. 803(2) defines an excited utterance as "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."